[942 NYS2d 366]

In the Matter of RAYMOND E. KERNO (Admitted as RAYMOND EUGENE KERNO), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 17, 2012

**APPEARANCES OF COUNSEL**

*Robert A. Green*, Hauppauge (*Robert H. Cabble* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion dated August 16, 2011, as amended on August 18, 2011, the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 691.4 (l) (1) (i), (ii) and (iii), upon a finding that he was guilty of professional misconduct immediately threatening the public interest based upon his failure to cooperate with the lawful demands of the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee), his substantial admissions under oath, and other uncontroverted evidence of professional misconduct; the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent based upon a verified petition dated January 18, 2011; the respondent was directed to serve an answer to the petition within 20 days of service upon him of the decision and order on motion; and the issues were referred to a Special Referee to hear and report.

The verified petition contains 24 charges of professional misconduct alleging, inter alia, that the respondent neglected legal matters entrusted to him; engaged in conduct prejudicial to the administration of justice by failing to promptly or completely communicate with the Appellate Division, Second Department, concerning the status of an appeal to which he was assigned; engaged in conduct prejudicial to the administration of justice by failing to promptly or completely participate with Rules of the Chief Administrator of the Courts (22 NYCRR) part 137 fee dispute arbitrations; engaged in conduct prejudicial to the administration of justice by failing to timely or properly cooperate with the Grievance Committee; engaged in conduct prejudicial to the administration of justice by failing to promptly turn over a client's file in an appellate matter to successor counsel; engaged in conduct that reflects adversely on his fitness as a lawyer by unduly delaying and/or failing to refund unearned portions of retainer fees belonging to his clients; failed to keep clients reasonably informed about the status of their legal matters and failed to promptly comply with clients' reasonable requests for information; failed to promptly inform a client of a material development in the client's legal matter; and engaged in conduct adversely reflecting on his fitness as a lawyer by reason of the foregoing.

On August 25, 2011, the decision and order on motion dated August 16, 2011, as amended on August 18, 2011, together with

notice of entry, was served upon counsel for the respondent. The respondent's counsel returned a signed copy of the transmittal letter acknowledging, on September 6, 2011, that he had served the respondent. In a separate letter dated September 6, 2011, the respondent's counsel advised that, while he had been retained by the respondent to answer the various grievances filed against him, he had not been retained to represent the respondent in the subsequent disciplinary proceeding and that the respondent intended to represent himself. More than 20 days have since elapsed without an answer to the verified petition or a request for an adjournment.

The Grievance Committee now moves to deem the charges against the respondent established and to impose such discipline upon him as the Court deems appropriate, based upon his default. The respondent has neither opposed the Grievance Committee's motion nor interposed any response thereto.

Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition are deemed established and, effective immediately, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law.

MASTRO, A.P.J., RIVERA, SKELOS, DILLON and ANGIOLILLO, JJ., concur.

Ordered that the Grievance Committee's motion is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Raymond E. Kerno, admitted as Raymond Eugene Kerno, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Raymond E. Kerno, admitted as Raymond Eugene Kerno, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Raymond E. Kerno, admitted as Raymond Eugene Kerno, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its

application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Raymond E. Kerno, admitted as Raymond Eugene Kerno, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).